1 **WO**

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

9 KENNETH HUGHES; JEAN HUGHES,)     No. CV 09-2496-PHX-MHM
                                  )
10        Plaintiffs,             )     **ORDER**
                                  )
11 vs.                            )
                                  )
12                                )
   WELLS FARGO BANK, NA; FIRST)
13 AMERICAN TITLE INSURANCE CO.;)
   WELLS FARGO HOME MORTGAGE,)
14 INC.; TIFFANY & BOSCO, P.A.,   )
                                  )
15        Defendants.             )
                                  )
16 _____)

Currently pending before the Court is Plaintiffs Kenneth and Jean Hughes Petition for Temporary Restraining Order. (Dkt. #1).

On December 1, 2009, Plaintiffs lodged the instant petition for a Temporary Restraining Order (TRO) with the Court. (Id.). The petition concerns a Trustee's Sale of Plaintiffs' property located at 22604 N. 31st Ave., Phoenix, AZ 85027, that is scheduled to occur on December 23, 2009. Plaintiffs have asked that the Court enjoin the sale.

It appears as though Plaintiffs have not provided Defendants with notice of the instant TRO petition. Rule 65(b) of the Federal Rules of Civil Procedure requires that any TRO issued without notice include "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," or that "the movant's attorney certifies

in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(A)–(B). In the instant case, Plaintiffs have not met the demands of Rule 65(b) since their petition was not accompanied by an affidavit or a verified complaint explaining why Defendants have not been provided with notice of this matter, or a certified writing explaining their efforts to give notice and why it should not be required.

The Ninth Circuit has cautioned district courts against issuing a TRO without notice to the adverse party, stating that the "[c]ircumstances justifying the issuance of an ex parte order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974)). As the Trustee sale is not scheduled until December 23, 2009, a little less than three weeks from now, the Court does not believe that ordering Plaintiffs to notify Defendants of this matter will cause them prejudice. Therefore, before the Court will consider Plaintiffs' Motion for a TRO, Plaintiffs must notify Defendants of this action and provide proof of that notice to this Court. If Plaintiffs believe that such notice should not be required, they must explain to this Court the reasons for that belief in compliance with Rule 65(b).

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiffs must give Defendants proper notice of this action or else comply with Rule 65(b) of the Federal Rules of Civil Procedure.

DATED this 4th day of December, 2009.

_____
Mary H. Murguia
United States District Judge