**WO**

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9    KENNETH HUGHES; JEAN HUGHES,)        No. CV 09-2496-PHX-MHM
                                 )
10              Plaintiffs,       )        **ORDER**
                                 )
11   vs.                          )
                                 )
12                                )
     WELLS  FARGO  BANK,  NA; FIRST)
13   AMERICAN TITLE INSURANCE CO.;)
     WELLS FARGO HOME MORTGAGE,)
14   INC.; TIFFANY & BOSCO, P.A.,   )
                                 )
15              Defendants.        )
                                 )
16   _____)

17
            Currently pending before the Court is Plaintiffs Kenneth and Jean Hughes' Petition
18
     for Temporary Restraining Order. (Dkt. #1). After reviewing the pleadings, and determining
19
     that oral argument is unnecessary, the Court issues the following Order.
20
     **I.     Background**
21
            On December 1, 2009, Plaintiffs lodged the instant petition for a Temporary
22
     Restraining Order (TRO) with this Court. (Id.). The petition concerns a Trustee's Sale of
23
     Plaintiffs' property located at 22604 N. 31st Ave., Phoenix, AZ 85027, that is scheduled to
24
     occur on December 23, 2009.  Plaintiff has asked that the Court enjoin the sale, based on the
25
     tort of Wrongful Foreclosure, alleging Defendants mislead them into defaulting on their loan
26
     by telling them loan modification was available only for defaulted loans.  On December 4,
27
     2009, this Court ordered Plaintiffs to provide Defendants with proper notice of this  action or
28

else comply with Rule 65(b) of the Federal Rules of Civil Procedure. (Dkt. #4). Plaintiffs complied with this Court's Order on December 15, 2009, filing papers demonstrating notice has been provided to Defendants. (Dkt. #5–8).

## II. Discussion

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." Trachsel v. Buchholz, 2008 WL 2383080, at *2 (N.D. Cal. 2008). The Ninth Circuit has set forth two sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

Taylor v. Westly, 488 F.3d 1197, 1200 (9th Cir. 2007). In addition, "[b]ecause injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." Watermark, Inc. v. United Stations, Inc., 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982). Assuming, without deciding, that all of the allegations in Plaintiffs' complaint are true, this Court cannot grant a temporary injunction, as Plaintiffs have not amply demonstrated a strong likelihood of success on the merits.

Plaintiffs' request for a temporary injunction is predicated solely on their belief that Defendants have committed the tort of Wrongful Foreclosure by initiating a trustee sale on their property. Arizona courts have yet to recognize the tort of Wrongful Foreclosure. Mindful, however, that Arizona courts have not refused to recognize the tort either, the District of Arizona has found that Wrongful Foreclosure may be a viable cause of action, and this Court agrees. Herring v. Countrywide Home Loans, Inc., 2007 WL 2051394, at *5 (D.Ariz., July 13, 2007). "Wrongful Foreclosure is a tort that 'exists as a statutory duty ....

to exercise fairly and in good faith the power of sale in a deed to secure [a] debt.'" Id. (quoting Boaz v. Latson, 580 S.E.2d 572, 577 (Ga. Ct. of App.2003)). "A breach of this duty is a tort compensable at law." Id.

Plaintiffs allege that Defendants breached their duty to act fairly and with good faith by initializing their power of sale over the property located at 22604 N. 31st Ave. Arizona Revised Statutes §33-807, titled "Sale of trust property; power of trustee; foreclosure of trust deed," sets forth the duties owed by the trustee of a trust deed when foreclosing on a property. Under §33-807(A):

> a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold, in the manner provided in this chapter, after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed.

(emphasis added). In their complaint, Plaintiffs freely admit that their loan is in default. Additionally, they have not alleged any procedural deficiencies or other illegalities relating to the initiation of the trustee sale. Assuming that the foreclosure sale proceeds as scheduled, it is unlikely Plaintiffs could prevail under a Wrongful-Foreclosure theory, as the facts of this case do not suggest that Defendants breached their duties of good faith and fairness in initiating the trustee sale.

For example, in the case on which Plaintiffs primarily rely, Herring v. Countrywide Home Loans, the defendant foreclosed on the plaintiff's property despite the fact "her default was cured when she executed the Repayment Plan Agreement and fully complied with its terms." Herring, WL 2051394 at *5. In Herring, then, the breach was defendant's decision to foreclose on a loan that was not in default. In the instant case, unlike in Herring, Plaintiffs admit their loan is in default, and while the Court acknowledges their ongoing attempt to secure a loan modification agreement, no such agreement has been secured. Plaintiffs success on the merits, therefore, is not sufficiently likely to justify the issuance of a temporary restraining order.

In reaching this conclusion, the Court is not unaware of Plaintiffs' allegation that Defendants induced the default by leading them to believe that loan modification was available only to persons that had defaulted on their loan. If true, Plaintiffs could possibly have a separate cause of action, such as fraud or negligent misrepresentation, against some or all of these Defendants. See, e.g., Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966) (stating the elements of Fraud as, "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury."). The events that caused the default to occur, however, are separate from and do not implicate the trustee's decision or authority under Arizona law to foreclose on the defaulted loan.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Petition for a Temporary Restraining Order (Dkt. #1).

DATED this 18th day of December, 2009.

_____
Mary H. Murgula
United States District Judge

- 4 -